Roy R. SWISHER and Lora J. Swisher, Plaintiffs–Appellants,

v.

William E. and Mary E. PHILLIPS, and Thomas R. Riley, d/b/a Cornerstone Real Estate Co., Defendants,

and Concerning William E. Myrick, Defendant–Appellee.

No. 94CA0896.

Colorado Court of Appeals, Div. III.

May 18, 1995.

Paul F. Miller, Lakewood, for plaintiffs-appellants.

William E. Myrick & Associates, William E. Myrick, Gregory B. Washington, Denver, for defendant-appellee.

Opinion by Judge HUME.

Plaintiffs, Roy R. and Lora J. Swisher, appeal the trial court's orders denying their motion to disqualify William E. Myrick (counsel) as legal counsel for Dean Ogawa (trustee), who is appearing as a co-plaintiff in a tort action, and granting trustee's motion to dismiss plaintiffs from that same action. We affirm in part and dismiss a portion of the appeal.

When plaintiffs began experiencing severe financial difficulties as the result of their 1989 purchase of a Colorado Springs motel, they sought counsel's legal advice. He agreed to investigate and manage any tort claims that might result from the motel's purchase, but directed them to consult another attorney for guidance regarding their fiscal problems.

In 1991, plaintiffs sought protection pursuant to Chapter 7 of the Bankruptcy Code, thus submitting themselves to the jurisdiction of the U.S. District Court for the District of Colorado in Bankruptcy (bankruptcy court). Plaintiffs were represented in bankruptcy court by counsel's then associate, who continued to represent them after leaving counsel's law firm.

The bankruptcy court appointed Ogawa as trustee to manage the estate created by the bankruptcy filing and, without objection from plaintiffs, granted the trustee's motion to employ counsel to pursue the state tort action against various defendants arising out of the plaintiffs' purchase of the motel. Counsel withdrew as plaintiffs' attorney but continued to represent the trustee in the tort action.

On April 12, 1993, the bankruptcy court found that the tort action was property of the estate and that the trustee was the only party authorized to pursue those claims in the state district court (trial court). After the bankruptcy court denied plaintiffs' request to amend its order, they took no further action to seek review of that decision.

On March 17, 1994, plaintiffs filed a motion with the trial court to disqualify counsel from representing the trustee in the tort action. The trustee filed a motion to dismiss plaintiffs from the action. After a hearing on April 24, 1994, the trial court denied plaintiffs' motion to disqualify and granted the trustee's motion to dismiss plaintiffs as parties. The trial court certified the finality of those orders pursuant to C.R.C.P. 54(b) for purposes of this appeal.

I.

■ Plaintiffs first contend that the trial court erred in denying their motion to disqualify counsel and in finding that no conflict of interest existed in his representation of the trustee. Specifically, they assert that, because he provided them with legal advice prior to the bankruptcy filing, counsel obtained confidential information that he subsequently utilized to thwart their interests in favor of those of the trustee in the state tort action in violation of the Colorado Rules of Professional Conduct. We decline to consider this matter.

Here, the trial court lacked jurisdiction to reconsider plaintiffs' contentions on the merits in regard to counsel's alleged conflict of interest. See 28 U.S.C. § 158(a) (1995) (the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees and, with leave of the court, from other interlocutory orders and decrees). Hence, the proper forum in which plaintiffs must seek relief is a federal court.

■ Although a bankruptcy court's order approving a trustee's appointment of special counsel is not final, and thus not immediately appealable without leave of the federal district court, the bankruptcy court retains the power to supervise and disqualify counsel prior to final judgment in the bankruptcy action. See In re Westwood Shake & Shingle, Inc. v. Steinberg, 971 F.2d 387 (9th Cir. 1992). See also Conticommodity Services, Inc. v. Ragan, 826 F.2d 600 (7th Cir.1987) (questions concerning retention of counsel by the trustee are within the exclusive jurisdiction of the bankruptcy court); In re Plaza Hotel Corp., 111 B.R. 882 (E.D.Cal.1990) (bankruptcy court may exercise its continuing supervisory role to revisit areas of potential conflict during pendency of state court action).

If plaintiffs are not satisfied with the bankruptcy court's determination of this issue, they may seek appellate review by the federal district court or by a bankruptcy appellate panel once final judgment is entered in the proceedings before the bankruptcy court. *See* 28 U.S.C. § 158 (1995).

Therefore, because the trial court was without jurisdiction to review the appointment or disqualification of counsel, its judgment as to that issue is a nullity and will not be considered on review. *See State v. Borquez,* 751 P.2d 639 (Colo.1988).

## II.

■ Plaintiffs next contend that the trial court erred in dismissing them from the tort action. They argue that, because some of the tort claims are exempt from inclusion in the bankruptcy estate pursuant to 11 U.S.C. § 522 (1995), they possess, and have the right individually to pursue, those claims that are separate from those of the trustee. We disagree.

■ The grant or denial of a claim of exemption is a final appealable order in a bankruptcy proceeding. *Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir.1985). An appeal from a final order of a bankruptcy court may be filed in the federal district court or with the bankruptcy appellate panel pursuant to Fed.R.Bankr.P. 8001, et seq.

Here, the bankruptcy court entered its order addressing plaintiffs' claimed exemptions on April 28, 1993, after it denied their motion to amend its findings and conclusions. Plaintiffs then had 10 days from that date to file a notice of appeal with the clerk of the court. *See* Fed.R.Bank.P. 8002(a). Since they did not seek appellate relief within that period, the order became final and the doctrine of *res judicata* precluded the trial court's review of plaintiffs' contentions.

■ The doctrine of *res judicata* provides that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. *Res judicata* thus constitutes an absolute bar to subsequent actions when the later action involves the same parties, subject matter, and claims, as determined in a former proceeding. *Mi-chaelson v. Michaelson,* 884 P.2d 695 (Colo. 1994).

■ The doctrine of *res judicata* applies to decisions of the bankruptcy courts. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *In re Werth,* 37 B.R. 979 (D.Colo.1984).

Here, the bankruptcy court considered plaintiffs' assertions that several of the state tort claims should not be part of the bankruptcy estate. *See* 11 U.S.C. § 522 (1995) (a debtor may exempt certain types of property from inclusion in the estate). After a hearing, the court determined that plaintiffs had failed to file a proper claim of exemption, that the tort claims were part of the estate, and that the trustee, as the only real party in interest, had exclusive authority to pursue them in state court.

Plaintiffs' arguments before the trial court involved the same parties in identical capacities (defendants, plaintiffs, and the trustee), the same subject matter (exemptions from the bankruptcy estate), the same cause of action (the state tort action), and the same issue that had been finally determined in the bankruptcy court. Hence, the doctrine of *res judicata* precluded any other court's reconsideration of the matters decided.

Thus, the trial court acted properly in refusing to consider plaintiffs' arguments about its claimed exemptions and in dismissing plaintiffs from the tort action.

That part of the court's order dismissing plaintiffs from the tort case is affirmed. Because the trial court did not have jurisdiction to consider plaintiffs' motion to disqualify counsel, we likewise lack jurisdiction to consider the matter, and the appeal as to that issue is dismissed.

JONES and TAUBMAN, JJ., concur.