F I L E D
United States Court of Appeals
Tenth Circuit

DEC 22 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re: ROMAN G. WENINGER and
MARY MADELEINE WENINGER,

Debtors,

CORAL SILVEY,

Appellant,

v.

ROBERT SEVERSON, Trustee,

Appellee.

No. 97-1238
(D.C. No. 96-Z-2552)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Coral Silvey appeals the district court's order affirming an order of the bankruptcy court granting appellee-trustee Robert Severson's motion for approval of sale of certain pieces of property from the bankruptcy estate of debtors Roman G. and Mary Madeleine Weninger. The district court determined that Ms. Silvey's claims were barred by res judicata. Ms. Silvey appeals, and we affirm.

The three parcels of property in Kansas in which Ms. Silvey claims an interest have been in bankruptcy litigation since March 1989 when debtors filed for Chapter 11 protection. The bankruptcy court issued orders in 1990 and 1993, determining that the debtors' actions in quit claiming the property to Ms. Silvey several weeks before filing the bankruptcy action were fraudulent pursuant to 11 U.S.C. § 548, and the transfers should be avoided pursuant to 11 U.S.C. § 550. In both orders, the bankruptcy court declared Ms. Silvey's interest in the property to be null and void.

Despite the bankruptcy court's determination that Ms. Silvey had no legal interest in the property, in August 1995, Ms. Silvey sold the property to Melvin M. and Colleen R. Nelson in exchange for a mortgage in the amount of $80,000. On January 16, 1996, the bankruptcy court entered an order granting the trustee's motion for summary judgment, and declaring the subject property to be part of the bankruptcy estate. The court imposed a constructive trust upon all

cash and other consideration received by Ms. Silvey as a result of her sale of the property. Ms. Silvey did not appeal this order.

On October 21, 1996, the bankruptcy court entered another order declaring Ms. Silvey's attempted sale null and void, and approving the sale of the property by the bankruptcy estate to the Nelsons for the purchase price of $80,000, free and clear of all interests, liens, and encumbrances. Ms. Silvey appealed this order to the district court.

On appeal, the district court held that in attempting to convey the property to the Nelsons, Ms. Silvey had ignored the prior orders of the bankruptcy court declaring her interest in the property to be null and void. In dismissing Ms. Silvey's appeal, the court concluded that because she had failed to appeal from the January 1996 order, her claims were precluded as res judicata.

We review a district court's conclusions of law as to the applicability of the doctrine of res judicata de novo. See State Bank of S. Utah v. Gledhill (In re Gledhill), 76 F.3d 1070, 1082 (10th Cir. 1996). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). In Colorado, the doctrine of res judicata absolutely bars later actions "when the later action involves the same parties, subject matter, and claims, as determined in a former proceeding." Swisher v.

Phillips, 897 P.2d 914, 916 (Colo. App. Ct. 1995).  "The doctrine of res judicata applies generally to bankruptcy proceedings."  Griego v. Padilla (In re Griego), 64 F.3d 580, 584 (10th Cir. 1995); accord Swisher, 897 P.2d at 916.

Here, the bankruptcy court considered Ms. Silvey's claims of interest in the property numerous times since the institution of the bankruptcy proceeding in 1989.  All of the decisions on the issue involved the same parties, subject matter, and cause of action.  Because she failed to appeal, these orders are now final, and under the doctrine of res judicata, Ms. Silvey's claims are foreclosed from further consideration.  Therefore, the district court was correct in refusing to consider the claims and in dismissing Ms. Silvey's appeal.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-4-