23CA1652 Peo v Thomson 10-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1652
City and County of Denver District Court No. 21CR3572
Honorable Darryl F. Shockley, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jason C. Thomson,

Defendant-Appellant.

ORDER VACATED

Division IV
Opinion by JUDGE HARRIS
Johnson, J., concurs
Schock, J., specially concurs

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Andrea R. Gammell, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Seventeen months after the judgment of conviction was entered in his criminal case, defendant, Jason C. Thomson, filed a motion for return of property lawfully seized by police during the case.  The court granted the motion in part and denied it in part, and Thomson appeals.

¶ 2    Because we conclude that the trial court lacked jurisdiction to rule on the motion, we vacate the trial court's order.

## I.    Background

¶ 3    Thomson pleaded guilty to identity theft.  Initially, he was sentenced to probation, but on January 27, 2022, the court revoked probation and resentenced Thomson to a two-year term of imprisonment.

¶ 4    At the sentencing hearing, defense counsel told the court that "there is personal property of Mr. Thomson in [the criminal case] that he would like released."  Counsel said that he had "been in contact with [the prosecutor] about that" and "would file any motions if necessary."

¶ 5    Five hundred twenty-five days later, Thomson filed a motion for return of property.  After a hearing, the court agreed that

Thomson was entitled to the return of his cell phone and an empty safe, but it otherwise denied the motion.

¶ 6     On appeal, Thomson contends that the prosecution failed to prove that the seized property was connected to criminal activity and, therefore, the trial court erred by partially denying his motion.

## II.     Analysis

¶ 7     We do not address the merits of Thomson's argument because we agree with the People that the trial court lacked jurisdiction to rule on the motion.

¶ 8     Issues of subject matter jurisdiction can be raised for the first time on appeal. *People v. Market,* 2020 COA 90, ¶ 13.  Whether a court has jurisdiction is a question of law that we review de novo. *Strepka v. People,* 2021 CO 58, ¶ 14.

¶ 9     A motion for return of lawfully seized property raises an issue ancillary to the prosecution of charges against the defendant. *Woo v. El Paso Cnty. Sheriff's Off.,* 2022 CO 56, ¶ 40.  Thus, a trial court must exercise ancillary jurisdiction to resolve the motion. *Id.* But because ancillary jurisdiction is a supplement to, not a substitute for, subject matter jurisdiction, *id.* at ¶ 38, a court can exercise

2

ancillary jurisdiction only when it has subject matter jurisdiction over the criminal case, *id.* at ¶ 40.

¶ 10 A trial court has subject matter jurisdiction over a criminal case (1) until the deadline to file a direct appeal expires or a direct appeal is timely perfected, or (2) once it reacquires jurisdiction following a direct appeal or during postconviction proceedings (including any appeal). *Id.* at ¶ 42.

¶ 11 Thomson did not file a direct appeal or a postconviction motion. Therefore, the trial court lost subject matter jurisdiction forty-nine days after the sentencing hearing — i.e., on March 17, 2022. *See* C.A.R. 4(b)(1) (defendant's notice of appeal must be filed within forty-nine days after entry of judgment). Thomson filed the motion seeking return of property more than a year later. Filing the motion did not revive the court's jurisdiction. *See Woo*, ¶ 37 ("Ancillary jurisdiction is of no assistance" once the court loses subject matter jurisdiction).

¶ 12 None of this is disputed on appeal. Instead, Thomson urges us to apply the "good cause" standard from C.A.R. 26 to retroactively extend the deadline to file the motion in the trial court.

¶ 13    Under C.A.R. 26(c), on a showing of "good cause," the appellate court may extend any deadline *prescribed by the appellate rules*. The appellate rules do not prescribe the deadline for filing a motion for return of property, though. And it is unclear on what authority we could sua sponte extend a trial court deadline after the court has lost jurisdiction.

¶ 14    Thomson's judicial efficiency argument fares no better. He says that because the trial court decided the motion on the merits, we should too, rather than requiring him to "pursue an ineffective assistance of counsel claim" in a postconviction motion.

¶ 15    But if the trial court lacked jurisdiction to decide the motion, its order is a nullity, and, therefore, we cannot review the merits on appeal. *See In re Mendy Brockman Disability Tr.*, 2022 COA 75, ¶ 12 ("Action taken by a court that lacks subject matter jurisdiction is a nullity."); *Swisher v. Phillips*, 897 P.2d 914, 916 (Colo. App. 1995) ("[B]ecause the trial court was without jurisdiction to review the appointment or disqualification of counsel, its judgment as to that issue is a nullity and will not be considered on review."). In any event, there is no inefficiency because Thomson cannot pursue a postconviction claim based on his counsel's failure to timely file

4

the motion for return of property. As the People note, under Crim. P. 35, postconviction review is limited to challenges to the defendant's conviction or sentence. *See* Crim. P. 35(a)-(c). Thomson does not allege that his counsel's ineffective assistance warrants reversal of his conviction or sentence. He says it warrants an extension of time to seek return of his property.

¶ 16 Finally, to the extent Thomson contends that he invoked the court's jurisdiction by raising the issue at the sentencing hearing, we disagree. Counsel did not request that the court order the return of any property at that hearing. To the contrary, he informed the court that he would make such a request later, if necessary. And the court did not indicate that any request was pending. After counsel said that there was "personal property" that Thomson "would like released," and that a motion might be forthcoming, the court merely responded, "All right. Thank you."

¶ 17 In sum, we conclude that the trial court lacked jurisdiction to decide the motion, and, therefore, we must vacate the order. *See In re M.M.V.*, 2020 COA 94, ¶ 44.

### III. Disposition

¶ 18 The trial court's order is vacated.

JUDGE JOHNSON concurs.

JUDGE SCHOCK specially concurs.

JUDGE SCHOCK, specially concurring.

¶ 19    I agree with the majority that *Woo v. El Paso County Sheriff's Office*, 2022 CO 56, compels the conclusion that the district court lacked jurisdiction over the motion for return of property in this case. *Woo* provides that when a defendant does not appeal the underlying judgment, the district court loses jurisdiction when the notice of appeal deadline expires and can only reacquire jurisdiction if the defendant files a postconviction motion (not counting the motion for return of property itself). *Woo*, ¶¶ 37, 42. I write separately because, in my view, this rule — as stated in *Woo* and applied by divisions of this court — leads to some strange results, and I question whether it is what the supreme court intended.

¶ 20    Under *Woo*, there are three periods of time when a defendant who has been convicted and sentenced can move for the return of property: (1) before the deadline for filing a notice of appeal expires or a notice of appeal is filed; (2) after a direct appeal; and (3) during postconviction proceedings and after any related appeal. *Id.* at ¶ 4. I see at least three potential flaws or inconsistencies with this rule.

¶ 21    First, if a defendant does not appeal, the district court loses jurisdiction (forever, unless a postconviction motion is filed) when

7

the deadline for lodging a notice of appeal expires. *Id.* at ¶ 37. But if the defendant files a direct appeal and loses, the court reacquires jurisdiction after the appeal — and apparently retains it indefinitely. Thus, a defendant's ability to file a belated motion for return of property is dependent entirely on whether the defendant filed a direct appeal, regardless of whether that appeal was successful.

¶ 22 Second, if a defendant does not appeal and later decides they want to move for return of property, their only path for doing so is to first file a postconviction motion. So a defendant who just wants their property returned and has no legitimate basis to challenge their conviction or sentence must nevertheless file such a motion (no matter how meritless) simply to give the motion for return of property something to attach to. And if they do so, the district court is then reinvested with jurisdiction to decide a motion for return of property not only during the postconviction proceedings but also "after any appeal related to those proceedings." *Id.* at ¶ 42.

¶ 23 Third, *Woo*'s approval of the bar on civil replevin actions for the return of property was dependent on the availability of a constitutionally adequate remedy in the criminal case. *Id.* at ¶ 52. But if a defendant does not file a motion for return of property

8

within forty-nine days of entry of judgment — a period when the defendant's focus will inevitably be directed toward the decision of whether to file an appeal — and then does not appeal, the defendant forever loses the remedy on which *Woo*'s holding rests (unless, of course, the defendant later files a postconviction motion).

¶ 24    All of this is compelled by what *Woo* said.  But I am not convinced it is what the supreme court meant.  In particular, I see no reason why a defendant's right to seek the return of their property should hinge on whether the defendant can conjure up a (potentially meritless) direct appeal or postconviction motion.  More likely, I think the supreme court intended one of two things: (1) the district court reacquires jurisdiction only if some aspect of the judgment is *reversed* on appeal and the case is remanded to the district court for further proceedings, or (2) the district court is divested of jurisdiction only during the pendency of a direct appeal. I would respectfully urge the supreme court to clarify this rule.