The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
June 11, 2020

## 2020COA90

**No. 17CA0354, *People v. Market* — Crimes — Sexual Assault on a Child; Criminal Law — Limitation for Commencing Criminal Proceedings**

A division of the court of appeals considers which of two conflicting statutes — section 16-5-401, C.R.S. 1996 (specifically, subsections (1)(a) and (6)), or section 18-3-411(2), C.R.S. 1996 — provided the statute of limitations for the charge of sexual assault on a child against the defendant. The legislative history behind these statutes demonstrates that the General Assembly intended for the limitations period contained within section 16-5-401(1)(a) and (6) to apply over that of section 18-3-411(2) when the statutes conflict. The division concludes that section 16-5-401(1)(a) and (6) governed the limitations period for the charged offense.

Also applying section 16-5-401(2), C.R.S. 1996, the division concludes that the limitations period was tolled for five years due to defendant's absence from Colorado during that time.

Because the limitations period in section 16-5-401(1)(a) and (6), C.R.S. 1996, applies, and section 16-5-401(2) tolled the statute for five years, the statutory limitations period had not expired as of July 1, 2006, and section 16-5-401(1)(a), (b), C.R.S. 2019, and section 18-3-411(2), C.R.S. 2019, were then activated to eliminate any statute of limitations for the prosecution of the offense. As a result, the defendant was timely prosecuted for his June 1996 sexual assault on a child.

The division also concludes that there was sufficient evidence to support the defendant's conviction for sexual assault on a child by force. Accordingly, the division affirms the conviction. However, the division also remands for the trial court to make corrections to the mittimus.

COLORADO COURT OF APPEALS                                    **2020COA90**

Court of Appeals No. 17CA0354
El Paso County District Court No. 16CR470
Honorable Gregory R. Werner, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joel Market,

Defendant-Appellant.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE TERRY
Freyre and Lipinsky, JJ., concur

Announced June 11, 2020

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, John Plimpton, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     As a matter of first impression, we must decide which of two conflicting statutes, section 16-5-401, C.R.S. 1996, or section 18-3-411(2), C.R.S. 1996, provided the applicable statute of limitations for the crime of sexual assault on a child committed on June 16, 1996, by defendant, Joel Market.  We conclude that the General Assembly intended section 16-5-401, C.R.S. 1996, to define the limitations period for such offenses, so that — under that statute and without taking into consideration other statutory provisions — the charge was to be brought by June 16, 2006.

¶ 2     But five years were then added to the applicable limitations period because defendant was absent from Colorado for at least five years.  *See* § 16-5-401(2), C.R.S. 1996.  And so the statute of limitations had not yet expired by July 1, 2006.

¶ 3     Because the statute of limitations had not expired by that date, we next conclude that section 16-5-401(1)(a), (b), C.R.S. 2019, and section 18-3-411(2), C.R.S. 2019, were activated to eliminate *any* statute of limitations for the charged crimes.  *See* § 16-5-401(1.5)(b) (specifying that unlimited limitations period provided in section 16-5-401(1)(a) applies to any sex offense against a child "committed before July 1, 1996, *if the applicable statute of*

1

*limitations, as it existed prior to July 1, 2006, has not yet run on July 1, 2006*"); § 18-3-411(2) ("The limitation for commencing criminal proceedings . . . concerning unlawful sexual offenses that are felonies shall be governed by section 16-5-401(1)(a), C.R.S.").

¶ 4     Given that *no* statute of limitations ultimately applied to the crimes of which defendant was accused, we determine that he was timely prosecuted in this 2016 case for his 1996 sexual assault on a child by force. And because we conclude that sufficient evidence supports the conviction, we affirm. But we remand for the trial court to correct the mittimus.

## I.     Background

¶ 5     On June 16, 1996, four-year-old A.R. was sexually assaulted by a man she did not know. The man entered her bedroom through a window, took off her underwear, and penetrated her vagina with his hand. When she was touched, A.R. screamed, causing the man to flee and alerting the child's mother. After A.R. told her mother that a man had entered the bedroom and hurt her, the mother called the police.

¶ 6     For nearly two decades, the assault remained unsolved. But in 2014, the police ran fingerprints from old cases through a

national fingerprint database and learned that defendant's prints from an unrelated burglary matched those found on a screen that was removed from A.R.'s window on the date of the assault.

¶ 7　　When A.R. was assaulted, defendant was stationed at Fort Carson in Colorado Springs.  He moved to Texas in 1998 and was still living there in 2014 when he was identified as a potential suspect in A.R.'s assault.  In 2016, while being interrogated by Texas police, defendant made several incriminating statements about that assault.  The People then charged him with several sex offenses in this case and asserted that the statute of limitations for each count was tolled by defendant's absence from Colorado under section 16-5-401(2).

¶ 8　　After the jury found defendant guilty of sexual assault on a child by use of force, he was sentenced to a twenty-four-year term of imprisonment.

## II.　　Which Statute of Limitations Applies?

¶ 9　　Defendant contends that he could not be prosecuted for A.R.'s 1996 sexual assault because the applicable statute of limitations for the crime expired in June 2006.  We disagree.

## A. Preservation

¶ 10 The parties agree that defendant did not preserve in the trial court the issue he now presents, namely, which statute governs the limitation period for prosecuting the offense.

¶ 11 According to the Attorney General, we cannot consider defendant's statute of limitations claim for the first time on appeal because the claim does not present an issue of subject matter jurisdiction, and instead the claim is "properly viewed as a defense that may be waived or forfeited." The Attorney General bases this argument on the premise that *Bustamante v. District Court*, 138 Colo. 97, 107, 329 P.2d 1013, 1018 (1958), *overruled in part on other grounds by County Court v. Ruth*, 194 Colo. 352, 575 P.2d 1 (1977), should no longer be relied on to support the proposition that violation of a criminal statute of limitations divests the trial court of subject matter jurisdiction.

¶ 12 We understand the Attorney General to be preserving this argument for further review by our supreme court, given that we are bound by *Bustamante, see People v. Gladney*, 250 P.3d 762, 768 n.3 (Colo. App. 2010) (the court of appeals is bound by

4

supreme court precedent), and we, of course, must reject the argument.

¶ 13    In *Bustamante*, our supreme court held that a statute of limitations challenge is jurisdictional in criminal cases.  138 Colo. at 107, 329 P.2d at 1018 ("[T]he statute of limitations in a criminal case is not merely a defense that may be asserted at the trial as in civil matters, but denies jurisdiction to prosecute an offense not committed within the period limited.").  Indeed, several divisions of this court have also ruled that a statute of limitations claim in criminal cases involves subject matter jurisdiction.  *See, e.g., People v. Butler*, 2017 COA 117, ¶ 16.  Issues of subject matter jurisdiction can be raised for the first time on appeal.  *Herr v. People*, 198 P.3d 108, 111 (Colo. 2008).

¶ 14    We therefore proceed to consider defendant's statute of limitations claim.

## B.    Standard of Review

¶ 15    Determining which of multiple, apparently conflicting statutes applies is a question of statutory interpretation, *see Frazier v. People*, 90 P.3d 807, 810 (Colo. 2004), and we review such interpretation questions de novo, *People v. Perez*, 2016 CO 12, ¶ 8.

¶ 16    In construing a statute, our primary purposes are to ascertain and give effect to the legislature's intent.  *McCoy v. People*, 2019 CO 44, ¶ 37.  To do this, we first look to the language of the statute, seeking to give its words and phrases their plain and ordinary meanings.  *Id.*  In doing so, we consider "the statute as a whole, construing each provision consistently and in harmony with the overall statutory design."  *Whitaker v. People*, 48 P.3d 555, 558 (Colo. 2002).

¶ 17    If a statute is clear and unambiguous, we need look no further than the plain language to determine the statute's meaning.  *Id.* But if the statute is ambiguous, we may consider other factors, including canons of statutory construction and legislative history. *Id.*; *Hotsenpiller v. Morris*, 2017 COA 95, ¶ 2.

¶ 18    When it appears that two statutes conflict, we strive to "construe the statutes in harmony [to] give effect to each." *DeCordova v. State*, 878 P.2d 73, 75 (Colo. App. 1994).  If two conflicting statutes can be construed to avoid inconsistency, we are obligated to interpret the statutes in that way.  *Id.*  But if we cannot give meaning to both statutes, we must determine which controls. *People v. Summers*, 208 P.3d 251, 254 (Colo. 2009).  To do this, we

may rely on legislative history, prior law, the consequences of a given construction of the statute, and the end to be achieved by the statute. *City of Florence v. Pepper*, 145 P.3d 654, 657 (Colo. 2006). Finally, if these or other canons do not resolve the question, we turn as a last resort to the rule of lenity. *Summers*, 208 P.3d at 258. Under the rule of lenity, ambiguity in a criminal statute must be interpreted in favor of the defendant. *Id.*

C.   Potential Limitations Periods for Sexual Assault on a Child

¶ 19   Because defendant committed the charged offense in 1996, the statutes then in effect are controlling, *People v. Orr*, 39 Colo. App. 289, 293, 566 P.2d 1361, 1364 (1977), and we focus our discussion solely on the 1996 versions of those statutes.

¶ 20   We begin by determining which of two conflicting statutes of limitations applies to defendant's criminal offense: section 16-5-401(1)(a), (6), or section 18-3-411(2). Section 18-3-411(2) imposed a ten-year limitations period for sexual offenses against children and did not contain any tolling provisions.

¶ 21   Section 16-5-401 also imposed a ten-year limitations period for sexual offenses. § 16-5-401, C.R.S. 1996 (three-year limitation under section 16-5-401(1)(a) is extended by seven years under

7

section 16-5-401(6)). But in contrast to the limitations period in title 18, section 16-5-401(2) included a tolling provision that would apply if a defendant had been absent from Colorado. § 16-5-401(2) ("The time limitations imposed by this section shall be tolled if the offender is absent from the state of Colorado, and the duration of such absence, not to exceed five years, shall be excluded from the computation of the [limitations period].")). In cases where a defendant was absent from Colorado for more than five years, section 16-5-401(2) effectively imposed a fifteen-year limitations period on sexual offenses. *See id.*

¶ 22 Both sections 16-5-401 and 18-3-411 were amended in 2006 to eliminate a statute of limitations for felony sexual offenses against a child. § 16-5-401(1)(a), C.R.S. 2006; § 18-3-411(2), C.R.S. 2006. Those amendments eliminating limitations periods apply *retroactively* to sex crimes against children for which the statute of limitations had not yet expired as of July 1, 2006. § 16-5-401(1.5)(b), C.R.S. 2006.

¶ 23 Therefore, for defendant to be lawfully prosecuted in this case, the originally applicable statute of limitations must not have

8

expired as of July 1, 2006. If that is the case, then *no* statute of limitations would bar his prosecution.

¶ 24    Because we conclude that the originally applicable statute of limitations had not expired by that date, we also conclude that the amendments eliminating a statute of limitations for crimes against children are effective against defendant, and he was properly subject to prosecution for the charged offenses.

### D.    Analysis of 1996 Provisions

¶ 25    Defendant contends that section 18-3-411(2) provides the applicable limitations period for the crime of sexual assault on a child. He maintains that the ten-year limitation period under that statute expired in June 2006, and that the prosecution begun in 2016 for A.R.'s sexual assault is therefore time barred.

¶ 26    The Attorney General counters that expiration of the limitations period is governed by the combination of section 16-5-401(1)(a) and (6), which together extended the limitations period to ten years. And because defendant was absent from Colorado for more than five years, the Attorney General maintains — based on section 16-5-401(2) — that the statute of limitations had not yet

expired when defendant was charged.  We agree with the Attorney General.

¶ 27    In the context of defendant's case, subsections (1)(a) and (6) of section 16-5-401 conflict with the provisions of section 18-3-411(2), because they would provide different limitations periods for the charge against him.  It is simply impossible to construe the statutes to give effect to both of them.

¶ 28    As we will explain, we conclude that subsections (1)(a) and (6) of section 16-5-401 together provide the governing limitations period for felony sexual assault on a child given the facts of this case: three years under subsection (1)(a), increased by seven years under subsection (6), for a total of ten years.  Bear in mind, this is *before* considering other provisions, discussed below, which completely eliminate any limitations period.

## E.    Legislative History

¶ 29    Because there is an apparent conflict between the limitations periods in sections 16-5-401(1)(a), (6) and 18-3-411(2), and because the plain language of those statutes sheds no light on which statute provides the applicable limitations period for felony sexual assault

on a child, we turn to legislative history to help resolve the conflict. *See Summers*, 208 P.3d at 254.

¶ 30    The legislative history behind these laws, specifically the historical development of the statutory scheme, demonstrates that the General Assembly intended for the limitations provisions in subsections (1)(a) and (6) of section 16-5-401 to apply to felony sexual assault on a child. *See People v. Jones*, 2015 CO 20, ¶ 10 (the historical development of a statutory scheme can shed light on the purposes behind related statutory provisions).

1.    The General Assembly Intended for Section 18-3-411 to Align With, and Not Supplant, Section 16-5-401

¶ 31    Section 16-5-401 was enacted in 1963. *See* § 39-5-401, C.R.S. 1963 (providing the statute's year of enactment). When enacted, section 16-5-401 provided a three-year limitations period for sexual offenses. *See* § 39-5-401.

¶ 32    Nineteen years later, in 1982, section 18-3-411 was enacted and provided for a ten-year limitations period for sexual offenses. § 18-3-411, C.R.S. 1982. When enacting the later statute, the General Assembly did not include any language eliminating the limitations provisions of section 16-5-401(1)(a) or indicating that

the limitations period provided by section 18-3-411(2) should supersede that of section 16-5-401(1)(a). To the contrary, the same bill that created section 18-3-411 amended section 16-5-401 so that it would also provide a ten-year limitations period for sexual offenses. *See* Ch. 75, sec. 1, § 18-3-411, 1982 Colo. Sess. Laws 313; Ch. 75, sec. 2, § 16-5-401, 1982 Colo. Sess. Laws 314.

¶ 33 But unlike section 18-3-411, section 16-5-401(2) included a provision that tolled the ten-year limitations period for up to five years when a defendant was absent from Colorado. § 16-5-401(2), C.R.S. 1982.

¶ 34 Based on the legislature's enactment of section 18-3-411 in conjunction with the substantive amendments that it made at the same time to section 16-5-401, it is evident that the legislature intended for the provisions of section 18-3-411, including its limitations period for sexual offenses, to align with — and not supplant — the provisions of section 16-5-401 that addressed the same subject: the limitations period for sexual offenses against children. *See Senior Corp. v. Bd. of Assessment Appeals*, 702 P.2d 732, 742 (Colo. 1985) ("In construing different statutory provisions addressing the same topic, this court must make every effort to give

full effect to the legislative purpose of all such provisions."); *see also Union Pac. R.R. Co. v. Martin*, 209 P.3d 185, 189 (Colo. 2003) ("[I]t is a well-accepted tenet of statutory construction that in the absence of a contrary indication, statutes should be construed to assume the existence of other parts of the same statutory scheme and create a single, harmonious whole.").

¶ 35    The General Assembly's intent to have section 18-3-411(2) align with, and not supplant, subsections (1)(a) and (6) of section 16-5-401 is reinforced by the fact that there have been other consistent amendments made to both laws since 1982. In 2002, both statutes were amended to include a provision allowing their limitations periods for sexual offenses against children to be tolled until a child victim reached the age of eighteen. § 16-5-401(8)(a.3), C.R.S. 2002; § 18-3-411(2)(b), C.R.S. 2002. And in 2006, both statutes were amended to eliminate a statute of limitations for felony sexual offenses against children. § 16-5-401(1)(a), C.R.S. 2006; § 18-3-411(2), C.R.S. 2006. As with the 1982 legislation, the 2002 and 2006 amendments gave no indication that the legislature intended the limitations provision in section 18-3-411(2) to supplant the limitations period in subsections (1)(a) and (6) of

13

section 16-5-401. Instead, these consistent amendments demonstrate the legislature's continued intent for section 18-3-411(2) to align with the provisions of section 16-5-401, including subsections (1)(a) and (6).

    2.    Section 16-5-401 Provides the Governing Limitations Period When that Statute Conflicts with Section 18-3-411

¶ 36    Additional legislative history shows that, in the event of a conflict between the two statutes, subsections (1)(a) and (6) of section 16-5-401 are intended to supply the governing limitations period. In 2006, when the legislature amended both statutes to eliminate a limitations period for felony sexual offenses against children, the legislature also amended section 18-3-411 to explicitly state that section 16-5-401(1)(a) provided the governing statute of limitations for such crimes. *See* § 18-3-411(2), C.R.S. 2006 ("The limitation for commencing criminal proceedings . . . concerning unlawful sexual offenses that are felonies shall be governed by section 16-5-401(1)(a), C.R.S.").

¶ 37    While it is true that amendments to statutes are generally presumed to effectuate a change in the law, amendments can also show the legislature's intent to clarify a statute's meaning. *Acad. of*

*Charter Sch. v. Adams Cty. Sch. Dist. No. 12*, 32 P.3d 456, 464 (Colo. 2001) ("Amendments to a statute either clarify the law or change it, and there exists a presumption that, by amending the law, the legislature intends to change it. This presumption can be rebutted, however, by a showing that the legislature only meant to clarify an ambiguity in the statute by amending it.") (citations omitted). We are convinced that the legislature's 2006 amendment to section 18-3-411, stating that section 16-5-401(1)(a) provides the applicable statute of limitations for felony sexual offenses against children, clarified the law rather than changed it.

¶ 38    First, ambiguity as to which provision — section 16-5-401(1)(a) and (6), on the one hand, or section 18-3-411(2), on the other — governs the limitation period for sexual assault on a child has existed since 1982, when the legislature enacted section 18-3-411 with a conflicting limitation period. Thus, when the General Assembly amended section 18-3-411 in 2006, there was something that needed clarification.

¶ 39    Second, the legislative history and development of both statutes indicates that this amendment was intended to clarify the law. Section 16-5-401 existed for nearly two decades before section

18-3-411 was enacted; when section 18-3-411 was enacted, it was drafted so that it would align with the already existing limitations period in subsections (1)(a) and (6) of section 16-5-401; sections 16-5-401 and 18-3-411 have always been amended in tandem; and the General Assembly has never evinced an intent for the statute of limitations in section 18-3-411(2) to supersede the limitations period provided in section 16-5-401(1)(a) and (6). Thus, for the crime of sexual assault on a child, this legislative history all weighs in favor of applying subsections (1)(a) and (6) of section 16-5-401 over the conflicting part of section 18-3-411(2).

¶ 40    Our conclusion is reinforced by the fact that the General Assembly has never indicated that section 16-5-401's tolling provision *does not* apply to a limitations period imposed for sexual offenses against children. "Just as important as what the statute says is what the statute does not say." *Auman v. People*, 109 P.3d 647, 656-57 (Colo. 2005). Had the General Assembly intended that section 16-5-401's tolling provision would not apply to sexual offenses against children, it could have said so. *People v. Griffin*, 397 P.3d 1086, 1089 (Colo. App. 2011) (If the legislature intends a certain interpretation, "it certainly [knows] how to say so."). But it

16

did not. *Id.* (omissions in statutes should be construed as intentional).

### 3. Section 18-1-103, C.R.S. 1996, Does Not Change Our Analysis

¶ 41 Defendant contends that section 18-3-411(2) applies instead of section 16-5-401(1)(a) and (6) because section 18-1-103(1), C.R.S. 1996, states that the provisions of title 18, including section 18-3-411, "govern the construction of and punishment for any offense defined in any statute of this state, whether in this title or elsewhere." We are not persuaded.

¶ 42 Section 18-1-103(1) plainly states that title 18 governs the *construction of* and *punishment for* any offense defined in any statute of this state, "unless the context otherwise requires." But statutes of limitations do not pertain to the "construction of" any offense. Rather, the "construction of . . . any offense" language refers to interpretation of the elements of a criminal offense. *See id.* Nor do limitations provisions pertain to the punishment to be applied for any criminal offense, which is specified in the sentencing statutes. Thus, the plain language of section 18-1-103 does not indicate that section 18-3-411(2) applies over subsections (1)(a) or (6) of section 16-5-401.

4.    Because Section 16-5-401 Provides the Applicable Statute of Limitations, Defendant's Prosecution Was Not Time Barred

¶ 43    We conclude that subsections (1)(a) and (6) of section 16-5-401 govern the limitations period applicable to defendant's charged offense of sexual assault on a child.  This conclusion also means that the limitations period for defendant's offense had not expired as of July 1, 2006.  *See* § 16-5-401(1.5)(b), C.R.S. 2019 (specifying that unlimited limitations period provided in section 16-5-401(1)(a) applies to any sex offense against a child "committed before July 1, 1996, *if the applicable statute of limitations as it existed prior to July 1, 2006, has not yet run on July 1, 2006*") (emphasis added).

¶ 44    Defendant does not dispute that he was absent from Colorado for more than five years.  Therefore, based on section 16-5-401's ten-year limitations period, as well as its five-year tolling provision for a defendant's absence from the state, the statute of limitations in defendant's case did not expire until June 16, 2011, well past the July 1, 2006, deadline established by the General Assembly.  *See* § 16-5-401(1)(a), (1)(b), (6), C.R.S. 1996; *see also* § 16-5-401(1.5)(b), C.R.S. 2006 (eliminating a statute of limitations for sexual offenses

18

against children as long as the original statute of limitations for the offense had not expired as of July 1, 2006).

¶ 45    As a result, defendant's 2016 prosecution for sexual assault on a child was timely.

### III.    Sufficiency of the Evidence

¶ 46    Defendant asserts that there was insufficient evidence to support his conviction for sexual assault on a child by force.  We conclude that the evidence was sufficient.

¶ 47    We review challenges to the sufficiency of the evidence de novo.  *Dempsey v. People*, 117 P.3d 800, 807 (Colo. 2005).  We must determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a rational jury that the defendant is guilty beyond a reasonable doubt.  *Id.*; *People v. Davis*, 2012 COA 56, ¶ 12.  In making this determination, we give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence.  *People v. Poe*, 2012 COA 166, ¶ 14.  It is the fact finder, not the reviewing court, that determines the credibility of witnesses, weighs the evidence, and resolves conflicts, inconsistencies, and disputes in the evidence.  *Id.*

¶ 48     "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." § 18-3-405(1), C.R.S. 2019. Sexual assault on a child is a class 4 felony. § 18-3-405(2)(a). But sexual assault on a child rises to the level of a class 3 felony if "the actor applies force against the victim *in order to* accomplish or facilitate sexual contact." *Id.* (emphasis added).

### A.     No Additional Force Required

¶ 49     Relying on the words "in order to" in the statute, defendant asserts that, for the force enhancer under section 18-3-405(2)(a) to apply, the force used must be distinct from the sexual contact. He also contends that the People did not present any evidence showing that he applied such distinct force in assaulting A.R. Defendant does not cite, and our research has not found, any case law that supports his interpretation of section 18-3-405(2)(a)'s force enhancer.

¶ 50     The single case that defendant cites to support his argument, *Uribe-Sanchez v. People*, 2013 CO 46, is inapposite. It dealt with the criteria required to establish "promot[ing] a relationship

20

primarily for the purpose of sexual victimization" under Colorado's

sexually violent predator statute. *Id.* at ¶ 8. Defendant looks to the

statutory provision at issue in that case, which "explicitly

'exclud[es] the offender's behavior during the commission of the

sexual assault that led to his conviction,'" *id.* at ¶ 10 (quoting

*People v. Gallegos*, 2013 CO 45, ¶ 17), when determining whether

an offender "promoted [the sexual] relationship primarily for the

purpose of sexual victimization," *see* § 18-3-414.5(1)(a)(III), C.R.S.

2019. He argues that section 18-3-405(2)(a) similarly requires

*separate* force "to accomplish or facilitate sexual contact." *See* §

18-3-405(2)(a).

¶ 51     Defendant's attempt to graft such a requirement onto the

statute at issue here simply does not work. *Uribe-Sanchez* did not

analyze the type of force necessary to convict a defendant of sexual

assault on a child by force, and its holding — that the promotion of

a relationship requires a separate act from the sexual contact —

does not apply to this case. *Uribe-Sanchez*, ¶ 10.

¶ 52     Instead, we are guided by the many divisions of this court that

have held that force in the sexual assault context need not be

distinct from the sexual contact. *See, e.g., People v. Hodge*, 2018

COA 155, ¶ 14; *People v. Keene*, 226 P.3d 1140, 1143 (Colo. App. 2009). Several divisions of this court have defined "physical force" in the adult sexual assault statute, § 18-3-402(4)(a), C.R.S. 2019, as any "force applied to the body," *see Keene*, 226 P.3d at 1143; *see also People v. Bryant*, 2013 COA 28, ¶ 17; *People v. Holwuttle*, 155 P.3d 447, 450 (Colo. App. 2006). It is also well established that "physical force" does not require any *extra* application of force. *See Keene*, 226 P.3d at 1143 ("These definitions of 'physical force' . . . do not require an 'extra application' of force other than any force applied to the body.").

¶ 53    Further, in *Hodge*, 2018 COA 155, a division of this court concluded that the term "force" in the sexual assault on a child statute was defined the same way as in the adult sexual assault context. *Id.* at ¶ 16. Based on that definition, the court in *Hodge* concluded that, for the force enhancer under section 18-3-405 to apply, there only needs to be some exertion of force applied to the victim's body; an extra application of force that is distinct from the sexual contact is not required. *Id.* We agree with that conclusion.

## B. The Evidence Was Sufficient

¶ 54    The following evidence was sufficient to support the conviction:

- A.R. told the police that a stranger "had stuck his hand inside her body," while gesturing to her vaginal area.

- A.R. suffered three tears inside her vagina and two lacerations in her rectum.

- A.R.'s internal injuries were so extensive that surgery was required to stop the bleeding.

- A.R. had significant bruising on the outside of her vaginal and rectal areas.

- The sexual assault nurse examiner who examined A.R. testified that the victim's injuries resulted from "something that caused significant force," that the injuries were consistent with a penetrating assault, and that A.R.'s injuries were "profound."

¶ 55    Based on this evidence, the jury reasonably could have concluded that defendant used force to accomplish or facilitate sexual contact with A.R., and thus the evidence was sufficient to support the conviction for sexual assault on a child by force.

## IV. Corrections to the Mittimus

¶ 56 Defendant contends, the Attorney General concedes, and we agree that the mittimus in this case incorrectly states that (1) defendant was convicted of and sentenced for two counts of sexual assault on a child when only one count went to the jury and (2) defendant pleaded guilty when he was convicted by a jury. Clerical mistakes in mittimuses "arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Crim. P. 36. Accordingly, we remand solely for the trial court to correct these mistakes.

## V. Conclusion

¶ 57 We affirm the judgment of conviction and remand this case to the trial court to correct the mittimus to reflect that defendant was convicted after a jury trial and sentenced for one count of sexual assault on a child.

JUDGE FREYRE and JUDGE LIPINSKY concur.