23CA0022 Peo v Pitre 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0022 Mesa County District Court No. 17CR820 Honorable Valerie J. Robison, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Larry Detrell Pitre, Defendant-Appellant. ORDER AFFIRMED Division I Opinion by JUDGE J. JONES Welling and Schock, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Larry Detrell Pitre, Pro Se 
1 ¶ 1 Defendant, Larry Detrell Pitre, appeals the postconviction court’s order denying his Crim. P. 35(c) motion for postconviction relief without a hearing. We affirm. ¶ 2 A jury found Pitre guilty of four counts of sexual assault on a child by one in a position of trust committed as part of a pattern of abuse, four counts of aggravated incest, patronizing a prostituted child, attempted sexual assault on a child, attempted aggravated incest, and attempted sexual assault. The trial court imposed an aggregate prison sentence of seventy-eight years to life, plus a consecutive one-year jail sentence. A division of this court affirmed the judgment of conviction. See People v. Pitre, (Colo. App. No. 18CA0709, Aug. 5, 2021) (not published pursuant to C.A.R. 35(e)). ¶ 3 Thereafter, Pitre filed a timely Crim. P. 35(c) motion, in which he generally alleged constitutional violations, a violation of his speedy trial rights, pretrial procedural errors, trial errors, ineffective assistance of counsel, and lack of jurisdiction. The postconviction court summarily denied the motion, finding that that some of Pitre’s arguments had been raised on direct appeal or related to matters other than defense counsel’s representation. With regard to counsel’s representation, the court found that “there [we]re no 
2 factual assertions or specific details concerning counsel’s performance,” that the record belied Pitre’s conclusory challenge to counsel’s representation on the speedy trial issue, and that Pitre “fail[ed] to explain, with any detail, what actions or statements . . . should have been made or what actions could have been taken by counsel or how counsel’s performance was deficient.” ¶ 4 First, we conclude that the postconviction court properly denied the claims that were, or could have been, raised and resolved in Pitre’s direct appeal. See Crim. P. 35(c)(3)(VI), (VII); see also People v. Vondra, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim. P. 35(c)(3)(VII) on appeal to preclude a successive claim even though the postconviction court did not rely on that provision). In particular, we note that the speedy trial issue was raised and resolved in the prior appeal. ¶ 5 We acknowledge that Pitre’s jurisdictional challenge would be an exception to the successiveness procedural bar. See Crim. P. 35(c)(3)(VII)(d); see also People v. Market, 2020 COA 90, ¶ 13 (“Issues of subject matter jurisdiction can be raised for the first time on appeal.”). However, he doesn’t sufficiently develop this argument. See People v. Houser, 2020 COA 128, ¶ 24 (we won’t 
3 consider a bald legal proposition presented without argument or development). ¶ 6 With regard to the ineffective assistance of counsel claim, we agree with the postconviction court that Pitre’s allegations are bare and conclusory. See Crim. P. 35(c)(3)(VIII) (ineffective assistance claims shall not be denied on the ground that the claims could have been raised on direct appeal); see also People v. Delgado, 2019 COA 55, ¶ 8 (“[A] court may deny [a Crim. P. 35(c)] motion without a hearing . . . if the claims are bare and conclusory in nature and lack supporting factual allegations.”). ¶ 7 Lastly, we don’t address any claim or argument asserted on appeal that Pitre didn’t raise in his Crim. P. 35(c) motion. See People v. Goldman, 923 P.2d 374, 375 (Colo. App. 1996) (“Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.”). This includes Pitre’s additional arguments in support of his ineffective assistance of counsel claim. See People v. Rodriguez, 914 P.2d 230, 251 (Colo. 1996) (rejecting the defendant’s “attempts to use his brief 
4 on . . . appeal to fortify a number of issues inadequately raised or supported by his [postconviction] motion”). ¶ 8 The order is affirmed. JUDGE WELLING and JUDGE SCHOCK concur.