23CA1858 Peo in Interest of HDM 10-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1858
Weld County District Court No. 22JD226
Honorable Marcelo A. Kopcow, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of H.D.M.,

Juvenile-Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE SCHOCK
Harris and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Petitioner-Appellee

Megan A. Ring, Colorado State Public Defender, Casey Mark Klekas, Deputy State Public Defender, Denver, Colorado, for Juvenile-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     H.D.M., a juvenile at the time of the offense, appeals his adjudication for misdemeanor unlawful sexual contact, arguing that the charge was barred by the statute of limitations.  We affirm.

## I.     Background

¶ 2     In May 2022, H.D.M. was charged with three counts of unlawful sexual contact for acts that allegedly occurred between February 2015 and March 2017.  The victim, H.D.M.'s step-cousin, reported that H.D.M. touched her vagina while she was sleeping and twice forced intercourse with her when she was between seven and nine years old and H.D.M. was between ten and twelve.

¶ 3     H.D.M. moved to dismiss the charges as barred by the five-year statute of limitations in section 16-5-401(9), C.R.S. 2025.  The prosecution responded that because the victim was under fifteen years old at the time of the offenses, the statute of limitations was extended an additional three and a half years under section 16-5-401(7), for a total of eight and a half years.  The juvenile court agreed with the prosecution and denied the motion to dismiss.

¶ 4     After a bench trial, the juvenile court acquitted H.D.M. on two counts, finding that the prosecution had failed to prove that H.D.M. was over the age of ten when the alleged acts occurred.  *See* § 18-1-

801, C.R.S. 2025.  But the court adjudicated H.D.M. delinquent on the third count and sentenced him to two years of probation.

## II.   Statute of Limitations

¶ 5     On appeal, H.D.M. again argues that his adjudication was barred by a five-year statute of limitations.  But rather than relying on section 16-5-401(9), as he did in the juvenile court, he now relies on the five-year limitations period for misdemeanor unlawful sexual contact in section 18-3-411(2), C.R.S. 2025.  Because section 16-5-401(7) unambiguously extends the limitations period by three and a half years when the victim was under fifteen years old, we disagree.

### A.   Standard of Review

¶ 6     We review issues concerning the applicable statute of limitations de novo.  *People v. Sims*, 2019 COA 66, ¶ 32.  We also interpret statutes de novo.  *People v. Market*, 2020 COA 90, ¶ 15.

¶ 7     When interpreting a statute, we begin with its language, giving the words and phrases their "plain and ordinary meanings" and reading them in context "according to the rules of grammar and common usage."  *McCoy v. People*, 2019 CO 44, ¶ 37.  We consider "the statute as a whole, construing each provision consistently and in harmony with the overall statutory design."  *Market*, ¶ 16

2

(citation omitted).  If a statute is clear and unambiguous, we apply it as written and look no further.  *Id.* at ¶ 17.  And if two statutes appear to conflict, we aim to give effect to each.  *Id.* at ¶ 18.

### B.    Analysis

¶ 8      We conclude that, read together, section 18-3-411(2) and section 16-5-401(7) unambiguously establish a limitations period of eight and a half years for misdemeanor unlawful sexual contact involving a victim who was under fifteen at the time of the offense.

¶ 9      Section 18-3-411(2) provides that the normal limitations period for misdemeanor unlawful sexual contact is five years:

> No person shall be prosecuted, tried, or punished for a misdemeanor offense specified in section . . . 18-3-404[, C.R.S. 2025] [the unlawful sexual contact statute], unless the indictment, information, complaint, or action for the same is found or instituted within five years after the commission of the offense.

Section 16-5-401(9) says the same thing.  But section 16-5-401(7) provides that when the victim of a misdemeanor unlawful sexual contact is under fifteen years of age at the time of the offense, "the period of time during which a[] . . . juvenile may be prosecuted shall be extended for an additional three years and six months."

¶ 10    These provisions can be harmonized in only one way. The general limitations period for misdemeanor unlawful sexual contact is five years. § 18-3-411(2); § 16-5-401(9). But when the victim was under fifteen, the period is three and a half years longer — a total of eight and a half years. § 16-5-401(7). We perceive no ambiguity.

¶ 11    H.D.M. maintains that section 18-3-411(2) is unambiguous that the limitations period for misdemeanor unlawful sexual contact is five years. That is true — and that is the general rule. But section 16-5-401(7) is equally unambiguous in establishing a special rule when, as in this case, the victim was under fifteen. An eight-and-a-half-year limitations period for misdemeanor unlawful sexual contact with a victim under fifteen years old does not conflict with a five-year limitations period for all other such offenses.[1]

¶ 12    Indeed, H.D.M.'s sole focus on section 18-3-411(2) gives no effect at all to section 16-5-401(7). Section 16-5-401(7)'s three-and-

---

[1] Even if these two statutes conflicted, section 16-5-401(7), C.R.S. 2025 — which covers misdemeanor unlawful sexual contact *with a child under fifteen* — is more specific than section 18-3-411(2), C.R.S. 2025 — which covers misdemeanor unlawful sexual contact generally. *See* § 2-4-205, C.R.S. 2025 (providing that, in the event of an irreconcilable conflict, the more specific provision prevails).

a-half-year extension applies *only* to misdemeanor unlawful sexual contact (and attempt, conspiracy, or solicitation to commit that offense). If the five-year limitations period in section 18-3-411(2) applied to all such offenses, *regardless of the victim's age*, then what would be the point of section 16-5-401(7), and when would it ever apply? We will not interpret one provision in a way that makes another superfluous.[2] *See McBride v. People*, 2022 CO 30, ¶ 23.

¶ 13 Nor are we persuaded by H.D.M.'s reliance on section 18-3-411(1). That provision defines "unlawful sexual offense" to include specified categories of unlawful sexual contact when the victim is less than fifteen years old. § 18-3-411(1). H.D.M. contends that this means the five-year statute of limitations in section 18-3-411(2) applies to such an offense. Not so. Section 18-3-411(2)'s five-year statute of limitations for misdemeanor unlawful sexual contact makes no mention of an "unlawful sexual offense" (or of the victim's

---

[2] We recognize that section 16-5-401(9) appears to be redundant of section 18-3-411(2), in that both provisions establish a five-year statute of limitations for misdemeanor unlawful sexual contact. But that redundancy exists under both parties' interpretations: the statutes say effectively the same thing. *See Ford Motor Co. v. Forrest Walker*, 2022 CO 32, ¶ 79 ("Sometimes the better overall reading of the statute contains some redundancy." (quoting *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 346 (2019))).

age).  The only misdemeanor unlawful sexual contact statute of limitations that refers to the victim's age is section 16-5-401(7).

¶ 14    Finally, H.D.M. cites the second sentence of section 18-3-411(2), which provides that the limitations period for "unlawful sexual offenses *that are felonies* shall be governed by section 16-5-401(1)(a)." (Emphasis added.)  Because section 18-3-411(2) only includes a statute of limitations for *misdemeanors,* it refers to section 16-5-401(1) — the general criminal statute of limitations — for the limitations period for felonies.  That does not mean section 16-5-401(7) — which, by its terms, *only* applies to misdemeanors — does not apply when the unlawful sexual contact is a misdemeanor.

¶ 15    Thus, because the victim in this case was less than fifteen years old at the time of the offense, the limitations period was eight and a half years.  And because the charges were initiated less than eight and a half years after the offense, the charges were proper.

### III.    Disposition

¶ 16    The judgment is affirmed.

JUDGE HARRIS and JUDGE BERGER concur.