24CA1667 Peo v Birch 01-22-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1667
City and County of Denver District Court No. 08CR10481
Honorable Ericka F.H. Englert, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Shun Birch,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

---

Philip J. Weiser, Attorney General, Katharine Gillespie, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Shun Birch, Pro Se

¶ 1    Defendant, Shun Birch, appeals the postconviction court's order denying his Crim. P. 35(c) motion.  We affirm.

## I.    Background

¶ 2    Because Birch did not provide the trial transcripts as part of the appellate record, we recount the relevant facts giving rise to this case as described in Birch's direct appeal:

> In June 2005, [Brian] Hicks was arrested for attempted murder after shooting at a woman (K.C. or victim) outside a Denver nightclub. Hicks's attempted murder trial was set for December 2006 in Denver, and he was released on bond.
>
> Hicks was rearrested in November 2006 for cocaine distribution, but he could not post bond on this offense and was placed in the Denver County Jail pending his trials.  Hicks was concerned that the victim intended to testify against him at his trial for attempted murder, despite his bribes and threats to dissuade her, and he began soliciting someone to murder her to prevent her testimony.
>
> . . . . Detective Joel Humphrey testified that, between November 2006 and February 2007, he listened to over 800 [jail] calls that Hicks had made to various persons.  According to Humphrey, Hicks . . . solicited Birch to murder K.C. for $20,000 and Birch agreed to do so.
>
> . . . . [O]n the night of December 6, 2006, only a few days before the victim was to testify against Hicks at his attempted murder trial, Birch and [Willie] Clark, who were wearing

1

masks, kicked in the victim's door, and chased her outside. Birch then shot her three times. She died of the gunshot wounds. The victim's husband was home at the time of the murder, but he could not identify the perpetrators because they wore masks.

Several days after the homicide, [one of Hicks's associates] gave Birch a pound of marijuana as a partial payment for murdering the victim. Clark also tried to give Birch a vehicle from Hicks's car lot as further payment. One week after the murder, Birch was arrested with a handgun and a bulletproof vest attempting to sell the marijuana he purportedly had received for killing the victim.

*People v. Birch*, slip op. at 2-4 (Colo. App. No. 11CA0846, Apr. 14, 2016) (not published pursuant to C.A.R. 35(e)) (*Birch I*).

¶ 3    A grand jury indicted Birch for first degree murder after deliberation, first degree felony murder with burglary as the predicate act, conspiracy to commit first degree murder after deliberation, and first degree burglary with the intent to commit first degree murder. The jury acquitted Birch of first degree burglary and felony murder but convicted him of first degree murder after deliberation and conspiracy to commit first degree murder after deliberation. The trial court sentenced him to life in

prison without parole for first degree murder after deliberation and a consecutive prison term of forty-eight years for conspiracy.

¶ 4      Birch directly appealed his conviction and sentence, and a division of this court affirmed. *See Birch I.* As relevant here, the division rejected Birch's arguments that the trial court erred by (1) admitting certain jail calls between his co-conspirators because the statements were made after the conspiracy had ended, which he argued occurred when the victim was killed; (2) qualifying Detective Humphrey as an expert witness under CRE 702; and (3) declining to dismiss the indictment based on the prosecution's untimely disclosure of a video interview with the victim's husband in violation of discovery rules and Birch's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). *Birch I,* slip op. at 9-19, 34-52.

¶ 5      The supreme court denied certiorari, and the mandate in Birch's direct appeal was issued on June 7, 2017.

¶ 6      In December 2018, Birch timely filed a pro se Crim. P. 35(c) motion. As best we can discern, Birch asserted the following claims: (1) the jury's verdicts for first degree murder and conspiracy were inconsistent with its verdicts for felony murder and burglary; (2) his convictions were not supported by sufficient evidence; (3) the

prosecutor knowingly withheld exculpatory evidence (the interview with the victim's husband), which misled the grand jury and the trial court and violated *Brady*; (4) the trial court erred by qualifying Detective Humphrey as an expert witness under CRE 702, *Venalonzo v. People*, 2017 CO 9, and *People v. Ramos*, 2017 CO 6; (5) the trial court violated CRE 801(d)(2)(E) and Birch's Sixth Amendment right to confrontation when it admitted jail calls between Hicks and Clark; (6) trial counsel was ineffective regarding plea negotiations; (7) the jury instruction for first degree burglary that incorporated a reference to the first degree murder instruction was improper; and (8) appellate counsel was ineffective for failing to raise certain claims on direct appeal.

¶ 7 The postconviction court appointed counsel, who filed a supplemental motion, incorporating Birch's pro se claims and asserting five additional claims involving ineffective assistance of counsel and res gestae. The court then ordered the prosecution to respond.

¶ 8 After the motion was fully briefed, the postconviction court denied it without a hearing.

## II. Discussion

¶ 9 Birch contends that the postconviction court erred by denying his Crim. P. 35(c) motion without a hearing. We disagree.

### A. Applicable Law and Standard of Review

¶ 10 A postconviction court may deny a Crim. P. 35(c) motion without a hearing if the allegations are bare and conclusory; the allegations, even if true, do not warrant relief; or the record directly refutes the allegations. *People v. Duran*, 2025 COA 34, ¶ 15.

¶ 11 Subject to limited exceptions not applicable here, Crim. P. 35(c)(3)(VI) and (VII) require a court to deny, as successive, any claims that were raised and resolved, or could have been presented, in a prior appeal or postconviction proceeding. The language of the rule "is mandatory rather than permissive." *People v. Taylor*, 2018 COA 175, ¶ 17.

¶ 12 We review de novo the denial of a Crim. P. 35(c) motion without a hearing. *Duran*, ¶ 15. We also review de novo whether a postconviction claim is successive. *People v. Thompson*, 2020 COA 117, ¶ 42.

## B. Denial of Pro Se Claims Without a Hearing

¶ 13 Birch first contends that the postconviction court was required to hold a hearing on his pro se claims because the court initially found that his claims were "facially meritorious," appointed postconviction counsel, and ordered the prosecution to respond. But the fact that the court appointed postconviction counsel to supplement Birch's motion and ordered the prosecution to respond does not mean it was later required to hold a hearing. *People v. Segura*, 2024 CO 70, ¶ 26 n.8 ("Even if, upon an initial review, the court declines to deny [a Crim. P. 35(c) motion] outright, it may subsequently resolve the motion without a hearing after any arguably meritorious claims pursued by postconviction counsel have been fully briefed."); Crim. P. 35(c)(3)(V) (After appointing counsel to supplement a defendant's claims and ordering the prosecution to respond, "the court shall grant a prompt hearing on the motion *unless, based on the pleadings, the court finds that it is appropriate to enter a ruling containing written findings of fact and conclusions of law.*" (emphasis added)).

## C. Admission of Jail Calls

¶ 14 Birch next contends that the trial court violated CRE 801(d)(2)(E) when it admitted jail calls between co-conspirators Hicks and Clark because (1) he was not given the opportunity to cross-examine Hicks and Clark, which violated his Sixth Amendment confrontation right and *Crawford v. Washington*, 541 U.S. 36 (2004); (2) the prosecution did not establish Hicks's and Clark's unavailability; (3) many of the calls were made after the conspiracy ended; and (4) there was no independent evidence that Birch was part of the conspiracy.

¶ 15 These claims are all successive because Birch raised or could have raised them on direct appeal. *See* Crim. P. 35(c)(3)(VI), (VII). Therefore, the postconviction court did not err by denying them.

## D. Disclosure of the Interview Video

¶ 16 Next, Birch contends that the trial court lacked subject matter jurisdiction because the indictment was invalidated when the prosecutor committed misconduct and violated *Brady* by failing to timely disclose the interview video of the victim's husband.

¶ 17 Although Birch did not raise a subject matter jurisdiction claim in his motion, such issues can be raised for the first time on

appeal. *People v. Market*, 2020 COA 90, ¶ 13. Nonetheless, Birch's claim fails because the premise of this claim was raised and rejected in *Birch I*. There, the division held that the trial court did not err by declining to dismiss the indictment based on the untimely disclosure of the video, which did not constitute a *Brady* violation. *Birch I*, slip op. at 9-17. Because Birch's postconviction claim is "merely a reformulation" of his direct appeal claim, it is successive under Crim. P. 35(c)(3)(VI). *People v. Versteeg*, 165 P.3d 760, 768 (Colo. App. 2006), *overruled on other grounds by People v. Crabtree*, 2024 CO 40M; *see also People v. Munkus*, 60 P.3d 767, 770 (Colo. App. 2002) (concluding that the defendant's "reformulated claims" were successive); *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (Even "an argument raised under Rule 35 which does not precisely duplicate an issue raised on appeal will be precluded if its review 'would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory.'" (quoting *People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982))).

### E. Inconsistent Verdicts, Merger, and Lenity

¶ 18    Birch also contends that the jury's guilty verdicts for first degree murder and conspiracy were inconsistent with its not guilty verdicts for felony murder and burglary. He relatedly asserts that, because the counts were all based on "a singular transaction and identical evidence," the trial court should have applied the doctrines of merger and lenity to his convictions.

¶ 19    As to the inconsistent verdict claim, we conclude that this claim is successive because Birch could have raised it on direct appeal. *See* Crim. P. 35(c)(3)(VII). The postconviction court therefore did not err by denying it.

¶ 20    As to Birch's claim that the trial court should have applied the doctrines of merger and lenity, Birch failed to raise this claim in his motion, and we will therefore not consider it. *See People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief."). Regardless, the claim would be successive because Birch could have raised it on direct appeal. *See* Crim. P. 35(c)(3)(VII).

F.    Qualification of Detective Humphrey as an Expert Witness

¶ 21    Birch next contends that the trial court erred by qualifying Detective Humphrey as an expert witness under CRE 702, *Venalonzo*, and *Ramos*.

¶ 22    As to the argument that the court erred by qualifying the detective as an expert witness under CRE 702, this claim was raised and rejected in *Birch I* and is therefore successive.  *See* Crim. P. 35(c)(3)(VI).  The postconviction court therefore did not err by denying it.

¶ 23    Birch also argues that the detective was improperly qualified as an expert under the "new legal authority" announced in *Venalonzo* and *Ramos*, which he asserts should be applied to his case.  Under section 18-1-410(1)(f)(I), C.R.S. 2025, a defendant may apply for postconviction review of their conviction if "there has been significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard."  Importantly, however, subsection (1)(f)(II) of this statute provides, in part, that this ground cannot be asserted if, prior to filing for such relief, the judgment of conviction has been affirmed upon appeal.  § 18-1-410(1)(f)(II).

¶ 24    When Birch filed his Crim. P. 35(c) motion in December 2018, his conviction had already been affirmed on appeal and was final as of June 7, 2017.  *See Hunsaker v. People*, 2021 CO 83, ¶ 36 (issuance of the mandate renders a conviction final).  Because he did not seek relief under *Venalonzo* and *Ramos* until after his conviction was final, he is not entitled to their application.  *See* § 18-1-410(1)(f)(II); *see also* Crim. P. 35(c)(1) ("If, prior to filing for relief pursuant to this paragraph (1), a person has sought appeal of a conviction within the time prescribed therefor and if judgment on that conviction has not then been affirmed on appeal, that person may file an application for postconviction review upon the ground that there has been a significant change in the law . . . ."); *People v. Cooper*, 2023 COA 113, ¶ 14 ("[S]ection 18-1-410(1)(f)(II) and Rule 35(c)(1) bar any postconviction claims seeking retroactive application of a significant nonconstitutional change in the law once the conviction has become final.").  The postconviction court therefore did not err by denying this claim.  *See Cooper*, ¶ 7 ("We may affirm the postconviction court's ruling on any ground supported by the record, whether or not the postconviction court relied on or considered that ground.").

11

### G. Double Jeopardy and the Right to Jury Unanimity

¶ 25 Finally, Birch contends that "[b]ecause the same offense (murder after deliberation) was used both as a predicate [for burglary] and as a stand-alone count without statutory authorization for cumulative punishment," his sentence violates double jeopardy and his constitutional right to jury unanimity. We will not address this claim because Birch did not raise it in his motion. *See Cali,* ¶ 34.

### H. Abandoned and New Claims

¶ 26 Birch has abandoned the remaining claims in his pro se and supplemental Crim. P. 35(c) motions by not pursuing them on appeal. *See People v. Hunsaker,* 2020 COA 48, ¶ 10, *aff'd,* 2021 CO 83.

¶ 27 To the extent that Birch reasserts these claims in his reply brief, or asserts altogether new claims in his reply brief, we will not consider them. *See People v. Owens,* 2024 CO 10, ¶ 90.

### III. Disposition

The order is affirmed.

JUDGE KUHN and JUDGE SULLIVAN concur.